UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GRACIE WANG,

      Plaintiff,

                             CASE NO.:

v.

WALESBY VISION CENTER, P.A.,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GRACIE WANG, by and through undersigned counsel, brings this action against Defendant, WALESBY VISION CENTER, P.A., and in support of her claims states as follows:

## JURISDICTION AND VENUE

1.     This is an action for damages and for declaratory relief, for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq., and the Florida Private Whistleblower's Act ("FPWA"), Section 448.102 Fla. Stat., and §504 of the Rehabilitation Act of 1973, 29 U.S.C. 794 et seq. ("Rehab Act").

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331. This Court has pendant jurisdiction over the state law claims. Venue is proper in

this district because Defendant operates in Hillsborough, Pasco, and Pinellas County, which are in this district.

## **PARTIES**

3.     Plaintiff is a resident of Pasco County, Florida.

4.     Defendant operates an optometry practice in Pasco County, Florida.

## **GENERAL ALLEGATIONS**

5.     Plaintiff has satisfied all conditions precedent, or they have been waived.

6.     Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7.     Plaintiff requests a jury trial for all issues so triable.

8.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the FCRA, the ADA, and the Rehab Act..

9.     At all times material hereto, Defendant employed fifteen (15) or more employees.

10.    Thus, Defendant is an "employer" within the meaning of the ADA and the FCRA, Fla. Stat. § 760.02(7).

11.    At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FPWA, Section 448.101(2), Fla. Stat.

12.    At all times material hereto, Defendant was an "employer" within the meaning of the FPWA, Section 448.101(3), Fla. Stat.

13.     Defendant receives federal financial assistance. The named Defendant is responsible for the acts, omissions and claims set forth in this Lawsuit and, at all relevant times, was an employer" within the meaning of the Rehab Act and § 20-602.

14.     Defendant is a business that provides optometrist services.

15.     Defendant is a Medicare and Medicaid provider and bills said programs for the services it provides.

16.     Defendant is also subject to the Florida Board of Optometry and its adopted rules.

17.     Defendant is also subject to Chapter 463, Florida Statutes.

18.     Defendant is also subject to the ordinances of Pinellas and Hillsborough County including Pinellas County Ordinance Article II, Section 2.02 and Hillsborough County Ordinance Article II, Section 30-22.

## FACTS

19.     Plaintiff began working for Defendant as a Head Vision Therapist in March 2020, and she worked in this capacity until March 3, 2022.

20.     Plaintiff worked for Defendant in all three of its offices including in Pinellas, Hillsborough, and Pasco counties.

21.     During Plaintiff's employment with Defendant, Plaintiff suffered from a physical or mental condition that substantially limited her ability to perform one or more major life activities. Plaintiff had a record of such condition,

and/or was regarded by Defendant as having a condition that substantially limited her ability to perform one or more major life activities.

22.     Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the FCRA, the ADA, and the Rehab Act.

23.     Plaintiff suffers from a disability that qualifies as a handicap under the FCRA, ADA, and the Rehab Act, and as such, is a member of a protected class.

24.     Specifically, Plaintiff suffered from an ongoing cardiologic issue.

25.     Plaintiff is able to perform the essential functions of the job for which she was hired by Defendant with or without accommodation.

26.     Plaintiff required an accommodation of her handicap/disability.

27.     On or about February 23, 2022, Plaintiff requested an accommodation. Specifically, Plaintiff requested a reduction in her work hours and a two week leave of absence.

28.     Defendant refused to engage in an interactive discussion regarding Plaintiff's request for accommodation. Instead, Defendant required Plaintiff to provide it with an exact diagnosis of her condition.

29.     Plaintiff's healthcare providers were in the process of diagnosing her condition and she required the use of medical technology to monitor her condition throughout the day.

30.     Defendant denied Plaintiff's request for accommodation, even though granting Plaintiff's request would not have imposed any undue hardship on Defendant.

4

31.     By denying Plaintiff's request, Defendant unreasonably refused to accommodate Plaintiff's disability/handicap.

32.     Plaintiff complained about Defendant's failure to accommodate her disability/handicap.

33.     Plaintiff also objected to and refused to participate in Defendant's violations of the FCRA, the ADA, and the Rehab Act, Plaintiff engaged in activity that is protected by the FPWA.

34.     Plaintiff also objected to and refused to participate in Defendant's violations of Hillsborough County Ordinance, Article II, Section 30-22, which prohibits discrimination on the basis of disability in employment.

35.     Plaintiff also objected to and refused to participate in Defendant's violations of Pinellas County Ordinance, Article II, Section 70-36, which prohibits discrimination on the basis of disability in employment.

36.     Furthermore, Plaintiff objected to and refused to participate in Defendant's false, fraudulent, deceptive and/or misleading advertising. Specifically, Plaintiff objected to and refused to go along with Defendant's requirements to make statements to patients Defendant knew to not be true that a break in vision therapy would be detrimental to the progress when patients could no longer afford to continue the vision therapy. Said acts violate Florida Department of Health's Rule 64B13-3.009, as well as Florida Statute § 463.0135 and § 463.016(1)(f) & (g).

37.     Finally, Plaintiff objected to and refused to participate in Defendant's over-billing of Medicare and Medicaid for its services. Defendant specifically refused to train Plaintiff on the billing of Medicare and Medicaid for its services because the current biller, knew its methods resulted in over-billing the federal agencies. Said acts violate the False Claims Act, 31 U.S.C. §§ 3729-3733.

38.     On or about March 3, 2022, Defendant constructively terminated Plaintiff's employment in retaliation for her complaints of discrimination.

## COUNT I – FCRA VIOLATION
## (HANDICAP DISCRIMINATION)

39.     Plaintiff realleges and readopts the allegations of paragraphs 1-10, 19-32, and 38 of this Complaint, as though fully set forth herein.

40.     Plaintiff is a member of a protected class under the FCRA.

41.     Plaintiff was subjected to disparate treatment on the basis of her handicap, disability, and/or perceived handicap/disability.

42.     Defendant's actions were willful and done with malice.

43.     Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issue and that this Court take jurisdiction over the case;

6

  c) Compensation for lost wages, benefits, and other remuneration;

  d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

  e) Any other compensatory damages, including emotional distress, allowable at law;

  f) Punitive damages;

  g) Prejudgment interest on all monetary recovery obtained.

  h) All costs and attorney's fees incurred in prosecuting these claims; and

  i) For such further relief as this Court deems just and equitable.

## <u>COUNT II—FCRA VIOLATION</u>
### (DENIAL OF REASONABLE ACCOMMODATION)

44. Plaintiff realleges and readopts the allegations of Paragraphs 1-10, 19-32, and 38 of this Complaint, as though fully set forth herein.

45. Plaintiff has a handicap, or was perceived by Defendant as having a handicap.

46. Defendant failed to provide Plaintiff with a reasonable accommodation for her handicap, and shortly thereafter, constructively terminated her employment.

47. Defendant's actions were willful and done with malice.

48. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

(a)   A jury trial on all issues so triable;

(b)   That process issues and that this Court take jurisdiction over the case;

(c)   An injunction restraining continued violation of  the law enumerated herein;

(d)   Compensation for lost wages, benefits, and other remuneration;

(e)   Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f)   Compensatory damages, including emotional distress, allowable at law;

(g)   Punitive damages;

(h)   Prejudgment interest on all monetary recovery obtained;

(i)   All costs and attorney's fees incurred in prosecuting these claims; and

(j)   For such further relief as this Court deems just and equitable.

## <u>COUNT III – FCRA RETALIATION</u>

30. Plaintiff realleges and readopts the allegations of paragraphs 1-10, 19-32, and 38 of this Complaint, as though fully set forth herein.

31. Plaintiff is a member of a protected class under the FCRA.

32. Plaintiff engaged in protected activity under the FCRA by complaining of discrimination based on her handicap and Defendant's failure to accommodate her handicap.

33. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

34. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted Plaintiff to perform all of the essential functions of her job with Defendant.

35. Defendant's actions were willful and done with malice.

36. Defendant took material adverse action against Plaintiff.

37. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising her rights under the FCRA;

d)    Compensation for lost wages, benefits, and other remuneration;

e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

f)    Front pay;

g)    Any other compensatory damages, including emotional distress, allowable at law;

h)    Punitive damages;

i)    Prejudgment interest on all monetary recovery obtained.

j)    All costs and attorney's fees incurred in prosecuting these claims; and

k)    For such further relief as this Court deems just and equitable.

## COUNT IV – ADA VIOLATION
### (DISABILITY DISCRIMINATION)

38.    Plaintiff realleges and readopts the allegations of paragraphs 1-10, 19-32, and 38 of this Complaint, as though fully set forth herein.

39.    Plaintiff is a member of a protected class under the ADA.

40.    Plaintiff was subjected to disparate treatment by Defendant on the basis of her disability, and/or perceived disability.

41.    Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a

reasonable accommodation that would have permitted her to perform all of the essential functions of her job with Defendant.

42.    Defendant's actions were willful and done with malice.

43.    Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    That this Court enter an injunction restraining continued violation of the ADA;

d)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

f)    Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g)    Any other compensatory damages, including emotional distress, allowable at law;

h)    Punitive damages;

i)    Prejudgment interest on all monetary recovery obtained.

j)      All costs and attorney's fees incurred in prosecuting these claims; and

k)      For such further relief as this Court deems just and equitable.

## COUNT V – ADA VIOLATION
## (DENIAL OF REASONABLE ACCOMMODATION)

44.      Plaintiff realleges and readopts the allegations of paragraphs 1-10, 19-32, and 38 of this Complaint, as though fully set forth herein.

45.      Plaintiff is disabled, or was perceived by Defendant as being disabled.

46.      Defendant failed to provide Plaintiff with a reasonable accommodation for her disability, and shortly thereafter constructively terminated her employment.

47.      Defendant's actions were willful and done with malice.

48.      Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a)      A jury trial on all issues so triable;

(b)      That process issues and that this Court take jurisdiction over the case;

(c)      An injunction restraining continued violation of  law enumerated herein;

(d)   Compensation for lost wages, benefits, and other remuneration;

(e)   Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f)   Compensatory damages, including emotional distress, allowable at law;

(g)   Punitive damages;

(h)   Prejudgment interest on all monetary recovery obtained;

(i)   All costs and attorney's fees incurred in prosecuting these claims; and

(j)   For such further relief as this Court deems just and equitable.

## <u>COUNT VI – ADA RETALIATION</u>

49.   Plaintiff realleges and readopts the allegations of paragraphs 1-10, 19-32, and 38 of this Complaint, as though fully set forth herein.

50.   As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

51.   Plaintiff engaged in protected activity under the ADA by objecting to Defendant's failure to accommodate her disability.

52.   Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by constructively terminating Plaintiff's employment.

53.   Defendant's actions were willful and done with malice.

54.     The adverse employment action that Defendant took against Plaintiff was material.

55.     Plaintiff was injured due to Defendant's violations of the ADA, for which she is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issue and that this Court take jurisdiction over the case;

c)      That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d)      That this Court enter an injunction restraining continued violation of the ADA;

e)      Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f)      Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g)      Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h)      Any other compensatory damages, including emotional distress, allowable at law;

i)      Punitive damages;

j)      Prejudgment interest on all monetary recovery obtained.

k)      All costs and attorney's fees incurred in prosecuting these claims; and

l)      For such further relief as this Court deems just and equitable.

## <u>COUNT VII – RETALIATION UNDER THE FPWA</u>

56.    Plaintiff realleges and readopts the allegations of paragraphs 1-7, 11-12, 14-20, and 33-37 of this Complaint, as though fully set forth herein.

57.    Plaintiff opposed and refused to participate in Defendant's violations of the FCRA, the ADA, and the Rehab Act, thereby engaging in protected activity under the FPWA.

58.    Plaintiff also opposed and refused to participate in Defendant's violations of the Hillsborough County Ordinance, Article II, Section 30-22.

59.    Plaintiff also opposed and refused to participate in Defendant's violations of the Pinellas County Ordinance, Article II, Section 70-36.

60.    Furthermore, Plaintiff objected to and refused to participate in Defendant's false, fraudulent, deceptive and/or misleading advertising. Specifically, Plaintiff objected to and refused to go along with Defendant's requirements to make statements to patients Defendant knew to not be true that a break in vision therapy would be detrimental to the progress when patients could no longer afford to continue the vision therapy. Said acts violate Florida

Department of Health's Rule 64B13-3.009, as well as Florida Statute § 463.0135 and § 463.016(1)(f) & (g).

61.    Finally, Plaintiff objected to and refused to participate in Defendant's over-billing of Medicare and Medicaid for its services. Defendant specifically refused to train Plaintiff on the billing of Medicare and Medicaid for its services because the current biller, knew its methods resulted in over-billing the federal agencies. Said acts violate the False Claims Act, 31 U.S.C. §§ 3729-3733.

62.    Defendant retaliated against Plaintiff for engaging in protected activity under the FPWA by constructively discharging her employment.

63.    Plaintiff was injured by Defendant's violations of the FPWA, for which she is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    Judgment against Defendant in the amount of Plaintiff's lost wages, benefits, and other remuneration;

d)    Any other compensatory damages allowable at law;

e)    All costs, attorney's fees, and reasonable expenses incurred in prosecuting these claims, in accordance with Fla. Stat. §448.104; and

f)      For such further relief as this Court deems just and equitable.

## COUNT IX – REHABILITATION ACT
## (DISABILITY DISCRIMINATION)

49.    Plaintiff realleges and readopts the allegations of paragraphs 1-8, 13-14, 19-32, and 38 of this Complaint, as though fully set forth herein.

50.    At all times relevant to this Complaint, Plaintiff was an "employee" and the Defendant was an "employer" within the meaning of Section 504 of the Rehabilitation Act of 1973 ("Rehab Act") 29 U.S.C. § 794 *et seq.*

51.    Section 504 of the Rehab Act incorporates certain provisions of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 *et seq.*, as amended, ("ADAAA") relating to employment discrimination, and expressly prohibits employers from discriminating against an otherwise qualified individual with a disability.

52.    Section 504 of the Rehab Act mandates that "[n]o otherwise qualified individual with a disability...shall, solely or by reason of her or his disability, be excluded from the participating in, be denied the benefits of, or be subjected to discrimination under any program or activity received Federal financial assistance." 29 U.S.C. § 794(a).

53.    Section 504 of the Rehab Act defines a covered program or entity as "(3)(A) an entire corporation, partnership, or other private organization, or an entire sole proprietorship -- (i) if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or (ii) which

17

is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or (B) the entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship." 29 U.S.C. § 794(b)

54.    Section 504 of the Rehab Act is applicable to private employers who received federal financial assistance, and, upon information and belief, the Defendant receives federal grants, contracts and/or other financial assistance, thereby subjecting itself to the requirements of Section 504 of the Rehab Act.

55.    During all times specified in the Complaint that are relevant to this Lawsuit, Plaintiff was an individual who had a disability that in whole or in part substantially limited one or more of Plaintiff's major life activities, thus rendering Plaintiff a qualified individual with a disability as that term is defined by the ADA as amended by the ADAAA, and as recognized by the Rehab Act.

56.    Defendant and its agents additionally regarded and perceived Plaintiff as an individual with a disability which substantially limited one or more of her major life activities. Defendant and its agents additionally knew that Plaintiff had developed a record of having a disability while working for Defendant. Therefore, Plaintiff is a qualified individual with a disability as that term is defined by the ADA, as amended by the ADAAA, and as recognized by the Rehab Act.

57.     During all times as set forth in the Complaint and continuing until her constructive discharge, the Defendant and its agents and employees: (a) have engaged in unlawful employment practices against Plaintiff on the basis of her disability; and (b) have systematically denied equal employment opportunities to Plaintiff on the basis of her disabilities; (c) have taken adverse employment actions against her on the basis of her disabilities; (d) have subjected her to disparate treatment and related actions affecting the terms and conditions of her employment on the basis of her disabilities; and (e) have subjected her to a harassing and hostile working environment on the basis of her disabilities, all in violation of the ADA and Rehab Act.

58.     The harassment and hostile working environment to which Plaintiff was subjected was frequent and severe, and was used to degrade, demean and humiliate Plaintiff on the basis of her disability.

59.     The unwelcome harassing treatment was encouraged, allowed, made and ratified by management at Defendant's workplace, and was sufficiently severe and pervasive so as to alter the terms and conditions of employment and to create an abusive working environment.

60.     Plaintiff complained of the harassment and disparate treatment in the terms and conditions of employment to Defendant but these individuals failed to take prompt, remedial action in response to the complaints or otherwise remedy the abusive working environment.

61.     The discrimination against Plaintiff caused her to sustain and continue to sustain direct and consequential damages, including but not limited to, physical and emotional pain, mental anguish, humiliation and embarrassment, damage to professional reputation and development, loss of income and other economic benefits, justifying an award of compensatory damages. Plaintiff also experienced impairment of her future earning capacity.

62.     The actions of Defendant were done intentionally or with deliberate indifference to the protected rights of Plaintiff, entitling her to monetary damages for each and every offense.

**WHEREFORE**, Plaintiff demands judgement against Defendant and seeks the following relief:

(a) Economic damages;

(b) Compensatory non-economic damages;

(c) Prevailing party attorneys' fees, expenses, and costs;

(d) Pre and Post-Judgment interest;

(e) And such other penalties and monetary, declaratory, and equitable relief as the nature of her causes may permit.

<u>**COUNT X – REHAB ACT**</u>
**(RETALIATION)**

63.     Plaintiff realleges and readopts the allegations of Paragraphs 1-8, 13-14, 19-32, and 38 of this Complaint, as though fully set forth herein.

64.   At all times relevant to this Complaint, Plaintiff was an "employee" and the Defendant was an "employer" within the meaning of Section 504 of the Rehabilitation Act of 1973 ("Rehab Act") 29 U.S.C. § 794 *et seq.*

65.   Section 504 of the Rehab Act incorporates certain provisions of the ADA, as amended, relating to employment discrimination, and expressly prohibits employers from discriminating against an otherwise qualified individual with a disability.

66.   Section 504 of the Rehab Act mandates that "[n]o otherwise qualified individual with a disability…shall, solely or by reason of her or his disability, be excluded from the participating in, be denied the benefits of, or be subjected to discrimination under any program or activity received Federal financial assistance." 29 U.S.C. § 794(a).

67.   Section 504 of the Rehab Act defines a covered program or entity as "(3)(A) an entire corporation, partnership, or other private organization, or an entire sole proprietorship -- (i) if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or (ii) which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or (B) the entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship." 29 U.S.C. § 794(b)

68.    Section 504 of the Rehab Act is applicable to private employers who received federal financial assistance, and, upon information and belief, the Defendant receives federal grants, contracts and/or other financial assistance, thereby subjecting itself to the requirements of Section 504 of the Rehab Act.

69.    During all times specified in the Complaint, Plaintiff engaged in protected activity by opposing, complaining, and raising the illegal and discriminatory practices, failure to accommodate, and hostile work environment of Defendant directly to Defendant.

70.    The Defendant engaged in a pattern and practice of retaliation against Plaintiff as a direct and proximate result of engaging in protected activity, resulting in adverse employment actions in violation of the anti-retaliation provisions of the ADA, and as recognized by the Rehab Act.

71.    The retaliation against Plaintiff caused her to sustain and continue to sustain direct and consequential damages, including but not limited to, physical and emotional pain, mental anguish, humiliation and embarrassment, damage to professional reputation and development, loss of income and other economic benefits, justifying an award of compensatory damages. Plaintiff has also experienced impairment of her future earning capacity.

72.    The actions of Defendant were done intentionally or with deliberate indifference to the protected rights of Plaintiff, entitling her to monetary damages for each and every offense.

**WHEREFORE**, Plaintiff demands judgment against Defendant and seeks the following relief:

(a) Economic damages;

(b) Compensatory non-economic damages;

(c) Prevailing party attorneys' fees, expenses, and costs;

(d) Pre and Post-judgment interest;

(e) And such other penalties and monetary, declaratory, and equitable relief as the nature of her causes may permit.

<u>**COUNT XI – REHAB ACT**</u>
**(FAILURE TO REASONABLY ACCOMMODATE)**

73.     Plaintiff realleges and readopts the allegations of Paragraphs 1-8, 13-14, 19-32, and 38 of this Complaint, as though fully set forth herein.

74.     At all times relevant to this Complaint, Plaintiff was an "employee" and the Defendant was an "employer" within the meaning of Section 504 of the Rehabilitation Act of 1973 ("Rehab Act") 29 U.S.C. § 794 *et seq.*

75.     Section 504 of the Rehab Act incorporates certain provisions of the ADA, as amended, relating to employment discrimination, and expressly prohibits employers from discriminating against an otherwise qualified individual with a disability.

76.     Section 504 of the Rehab Act mandates that "[n]o otherwise qualified individual with a disability…shall, solely or by reason of her or his disability, be excluded from the participating in, be denied the benefits of, or be

subjected to discrimination under any program or activity received Federal financial assistance." 29 U.S.C. § 794(a).

77.   Section 504 of the Rehab Act defines a covered program or entity as "(3)(A) an entire corporation, partnership, or other private organization, or an entire sole proprietorship -- (i) if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or (ii) which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or (B) the entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship." 29 U.S.C. § 794(b)

78.   Section 504 of the Rehab Act is applicable to private employers who received federal financial assistance, and, upon information and belief, the Defendant receives federal grants, contracts and/or other financial assistance, thereby subjecting itself to the requirements of Section 504 of the Rehab Act.

79.   During all times specified in the Complaint, Plaintiff was an individual who developed and suffered from a disability that substantially impaired one or more major life activities.

80.   Plaintiff was therefore a qualified individual with a disability as that term is defined by the ADA as amended by the ADAAA, and as recognized by the Rehab Act.

81.     Defendant and its agents additionally regarded and perceived Plaintiff as an individual with a disability which substantially limited one or more of her major life activities. Defendant and its agents additionally knew that Plaintiff had developed a record of having a disability while employed by Defendant. Plaintiff was therefore a qualified individual with a disability as that term is defined by the ADA, as amended by the ADAAA, and as recognized by the Rehab Act.

82.     Defendant and its agents were aware of Plaintiff's disabilities.

83.     Defendant, however, failed to engage in the interactive process of accommodation and failed to reasonably accommodate her disabilities.

84.     The Defendant's failures to reasonably accommodate Plaintiff caused her to sustain and continue to sustain direct and consequential damages, including but not limited to physical and emotional pain, mental anguish, humiliation and embarrassment, damage to professional reputation and development, loss of income and other economic benefits, justifying an award of compensatory damages. Plaintiff has also experienced impairment of her future earning capacity.

85.     The actions of Defendant were done intentionally or with deliberate indifference t the protected rights of Plaintiff, entitling her to monetary damages for each and every offense.

**WHEREFORE**, Plaintiff demands judgment against Defendant and seeks the following relief:

(a) Economic damages;

(b) Compensatory non0economic damages;

(c) Prevailing party attorneys' fees, expenses, and costs;

(d) Pre and Post-Judgment interest.

(e) And such other penalties and monetary, declaratory and equitable relief

as the nature of her causes may permit.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 17th day of August, 2022.

Respectfully submitted,

*/s/ Amanda E. Heystek*
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**DANIEL E. KALTER**
Florida Bar No.: 1025094
Direct Dial: 813-438-8821
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: aheystek@wfclaw.com
Email: dkalter@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**